UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) No. 4:20-CR-00001 |
| | ) |
| KYLE ALLEN AUBUCHON, | ) |
| | ) |
|     Defendant. | ) |

**TELEPHONE CONFERENCE**

BEFORE THE HONORABLE NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

APRIL 9, 2020

APPEARANCES:

For Plaintiff:      Katharine Dolin, Esq.
                       Zachary M. Bluestone, Esq.
                       OFFICE OF THE U.S. ATTORNEY
                       111 South 10th Street, 20th Floor
                       St. Louis, MO 63102

For Defendant:     William Thomas Marsh, Esq.
                       OFFICE OF FEDERAL PUBLIC DEFENDER
                       1010 Market Street, Suite 200
                       St. Louis, MO 63101

Pretrial:          Bradley Rentfro

Recorded By:       T. Tillman

Transcribed By:    REAGAN A. FIORINO, RMR, CRR, CSR, CCR
                       Official Court Reporter
                       United States District Court
                       111 South 10th Street
                       St. Louis, MO 63102 | (314)244-7989

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING
TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

|    |                                                                          |
|----|--------------------------------------------------------------------------|
| 1  | APRIL 9, 2020                                                            |
| 2  | (The proceedings commenced at 12:08 p.m.)                                |
| 3  | **THE COURT:**  This is United States of America versus                  |
| 4  | Kyle Allen Aubuchon, Case No. 4:20-CR-00001-RLW.                         |
| 5  | I've set this matter for oral argument on                                |
| 6  | Defendant's Motion to Reconsider Detention Order based on a              |
| 7  | change in circumstances.  It was filed under seal as                     |
| 8  | Docket 30.  The government has responded and I have the                  |
| 9  | parties -- it's my understanding for --                                  |
| 10 | Well, would defense counsel make your appearance by                      |
| 11 | telephone.                                                               |
| 12 | **MR. MARSH:**  Yes, Your Honor.  Bill Marsh appearing                   |
| 13 | on behalf of Mr. Aubuchon who has consented to waive his                 |
| 14 | appearance for this hearing.                                             |
| 15 | **THE COURT:**  All right.  Who is on the phone for the                  |
| 16 | government?                                                              |
| 17 | **MR. BLUESTONE:**  Zach Bluestone for the                               |
| 18 | U.S. Attorney's Office and Katharine Dolin, who is counsel of            |
| 19 | record also on the line.                                                 |
| 20 | **THE COURT:**  Do I have the pretrial officer as well?                  |
| 21 | **PRETRIAL OFFICER:**  Yes, Brad Rentfro with the                        |
| 22 | Pretrial Services Office.                                                |
| 23 | **THE COURT:**  All right.  Thank you.                                   |
| 24 | I've reviewed the pleadings and I wanted to hear                         |
| 25 | from the parties.  Is there any additional information that              |

1  the Court should consider, especially in light of the fact
2  that this motion is made after Mr. Aubuchon has entered a
3  guilty plea.
4      **MR. MARSH:**  If I may, Your Honor, I want to
5  reiterate a couple of things.  First of all, the pretrial
6  services report references a couple pending state cases.  I
7  want to be clear that Mr. Aubuchon is still on bond for both
8  of those cases.  One is a misdemeanor paraphernalia charge.
9  The other is a stealing fourth offense charge; so it would
10 have been a misdemeanor absent the prior misdemeanor
11 convictions.  And he does have counsel on both of those
12 charges; so he would have assistance dealing with any court
13 appearances on those.
14     Other than that, I don't have anything to add to the
15 original pleadings, but I'm certainly happy to answer any
16 questions the Court may have.
17     **THE COURT:**  All right.  On behalf of the government.
18     **MR. BLUESTONE:**  Yes.  One point on the law that I
19 wanted to emphasize under 3142(i), as we discussed in a
20 hearing that we had with Mr. Marsh and yourself last week,
21 this only allows for temporary release where the defendant has
22 identified an appropriate person that they can be released to
23 and only for compelling reasons.
24     In this unique context where a defendant is awaiting
25 sentencing but the trial or guilty plea has already been

1   completed, there's a case I wanted to direct you to.  It's
2   *Hartsell*.  It was published after our response was filed and
3   it explains why 3142(i) does not apply after the guilt phase
4   has been completed.
5           As that court points out, 3142 governs presentencing
6   release as opposed to pretrial release.  And as the *Hartsell*
7   court makes clear, the burden flips under 3142 to the
8   defendant to justify why they should be released.
9           As we discussed last week, more than 95 percent of
10  the courts around the country have denied motions for pretrial
11  release under 3142(i).  The *Hartsell* court says that they were
12  unaware of any cases that had granted a presentencing release
13  under 3142(i) and I've looked this morning and have been
14  unable to find any as well.
15          The *Hartsell* decision also does a nice job of
16  emphasizing the appropriate person standard under 3142(i)
17  which requires the defendant to identify someone they can be
18  released to who would be able to maintain custody over them
19  and make sure that they don't reoffend.
20          Mr. Aubuchon didn't attempt to identify any such
21  appropriate person in his motion.  The home plan that was
22  outlined in the pretrial report identifies his mother as the
23  person he would be released to, but that's where he was living
24  when he committed both the instant offenses and three other
25  state offenses that were mentioned in the pretrial report.  As

1  the *Hartsell* opinion makes clear, it's inappropriate to
2  release a defendant to even a close family member if they were
3  living with that person when they committed the instant
4  offense or other offenses.
5      Just on a final note, Pretrial, as you are aware,
6  has recommended detention in this case.  My understanding is
7  that's still their position.  With respect to Mr. Aubuchon,
8  just skimming down the pretrial report, for two thirds of his
9  19 prior offenses that are listed in the report, he has either
10 failed to appear, absconded or committed another offense while
11 on bond.  He committed the instant offense while he was on
12 bond for three charges and their report, I think, does a nice
13 job of outlining his substance abuse problems which not only
14 include heroin, a heroin addiction but also frequent use of
15 methamphetamine and marijuana.
16     So for all of those reasons, even if the Court were
17 to consider the request, Mr. Aubuchon has not met his burden
18 of demonstrating he would no longer pose a flight risk or a
19 danger to the community as this Court found in ordering his
20 detention.
21     **THE COURT:**  All right.  I did not ask if anyone else
22 was on the phone as well.
23     No?  All right.  I always like to ask that as well
24 because the public theoretically could dial in if they wanted
25 to keep up with a particular case.

1       So with respect to the pretrial officer who is on
2  the line, any questions for the pretrial officer by the
3  parties?
4       **MR. MARSH:**  I have no questions, Your Honor.  I was
5  under the impression they had reached out to Mr. Aubuchon's
6  mother, and I don't know if that warrants any comment, but I
7  do believe they reached out and confirmed a home plan.
8       **THE COURT:**  All right.
9       **MR. MARSH:**  And, Mr. Rentfro, perhaps you can
10 elaborate on that.
11      **PRETRIAL OFFICER:**  Yes, Mr. Marsh.
12      This is Brad Rentfro with Pretrial.
13      I did recently speak with the defendant's mother and
14 she reaffirmed that the defendant can return there to the
15 address if he is released on bond.  She didn't have any
16 questions or concerns about that.
17      Given the nature of her employment, I think she
18 would be at the household -- my understanding she is a manager
19 at a hotel, so given the COVID virus situation, she would be
20 available at the house to kind of assist with the defendant if
21 he is released.
22      **THE COURT:**  All right. And, Mr. Marsh -- well, I am
23 going to ask the government to supplement his response in
24 light of the case that was referenced.  You mentioned a name,
25 but I did not get a cite.  So however you want to do it,

1  Ms. Dolin or Mr. Bluestone.  I'm not sure which one of you are
2  going to be responding, but the government should supplement
3  its response based on the case.
4         And, Mr. Marsh, I don't know if you were aware of
5  this case.  Do you want an additional opportunity to review
6  the government's response?
7         **MR. MARSH:**  I was unaware of the case, Your Honor.
8  I would like to take a look at it, at least have an
9  opportunity to point out any distinctions, if I feel there are
10 any worth pointing out.
11        **THE COURT:**  Okay.  Now, obviously this motion is --
12 was filed with the hope of some timely ruling, but I -- so how
13 long would the government need to supplement its response?
14        **MR. BLUESTONE:**  Your Honor, I think that the case
15 speaks pretty well for itself; so we should be able to file
16 something just so you have a citation to it.  Again, just to
17 make clear, that decision came down after our response was
18 filed, which is why it wasn't included in our original
19 response.
20        **THE COURT:**  No, that's fine.  These things are
21 evolving.  The cases are ruling -- this Court is ruling
22 regularly on these matters, and so it is important for me to
23 consider, and any other judge of this court, to consider what
24 the law is.  Because most of these motions do concern pretrial
25 detainees.  And there are different provisions that apply to

an individual who is a pretrial detainee than for someone who is a post-plea detainee but presentencing.

So I would certainly want to know what the most current state of the law is, as does defense counsel as well, so that I can apply the correct standard in making my findings.

So, again, how much time?

**MR. BLUESTONE:** I think we can have that citation on file sometime today.

**THE COURT:** All right. Then, Mr. Marsh, how much time would you like?

**MR. MARSH:** Your Honor, if I could have until Monday.

**THE COURT:** Certainly.

**MR. MARSH:** I will try to respond as quickly as I can. I can even file something, if you would like, if I don't feel a response is warranted, something or at least e-mail someone saying that I am opting not to.

**THE COURT:** All right. That's fair enough. Either way I will look for some type of response or a notice of "no further response" by Monday.

**MR. MARSH:** Thank you.

**THE COURT:** And, Mr. Bluestone and Ms. Dolin, let me also ask you, because I am aware that this -- an argument was raised in a different case with a similar fact pattern, that

1  is the defendant has changed, has entered a plea of guilty and
2  has requested the opportunity to revisit the prior order of
3  detention and seek temporary -- temporary release under
4  subsection (i).  It's my understanding the government raised
5  the argument that that section does not apply when a defendant
6  has already entered a guilty plea.  Now, maybe the case you've
7  cited covers that argument.  I don't know.  But is that the
8  position that the government is taking as well here?
9         **MR. BLUESTONE:**  Yes, Your Honor.  I think the
10 *Hartsell* case is the one we will be supplementing with.  It
11 makes it pretty clear that the 3142 -- 3142's applicability
12 ends when the guilt phase is completed; so that would apply
13 equally to cases where sentencing has already been completed
14 as well.
15        **THE COURT:**  All right.  Thank you.
16        And just finally for Mr. Rentfro, so the record is
17 clear, has the pretrial recommendation changed based on any
18 review of the motion that was filed by the defendant?
19        **PRETRIAL OFFICER:**  No, Your Honor.  Pretrial is
20 still recommending detention at this time.  I would just kind
21 of note with Mr. Aubuchon's history of substance abuse, given
22 the current COVID-19 situation, any substance abuse treatment
23 that we could offer him would be minimal.  Our inpatient
24 services have closed and our outpatient services are minimal
25 at this time.  I wanted to note that for the Court.

1           **THE COURT:**  All right.  Thank you.
2              If there's nothing else then, we will be in recess.
3  Thank you.
4              (The proceedings concluded at 12:20 p.m.)

CERTIFICATE

I, Reagan A. Fiorino, do hereby certify that I am a duly appointed official court reporter for the United States District Court for the Eastern District of Missouri.

I further certify the foregoing is a true and accurate transcription as heard and understood from the taped proceedings held in the above-entitled case as has been transcribed from said tape to the best of my ability.

This reporter does not certify any transcript nor takes any responsibility for missing or damaged pages of this transcript when said transcript is copied and delivered by any party other than this reporter.

| April 20, 2020 | | /s/Reagan A. Fiorino |
|---|---|---|
| Date | -- | Reagan A. Fiorino |